ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL **JS-6**
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-7177
    E-mail: victor.rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $160,982.00 IN U.S. ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> AHMAD ALMASAD and ) <br> GHALEB ALMASAD, ) <br> ) <br> Claimants. ) <br> _____ ) | NO. CV 05-6657-VAP(FMOx) <br><br> **CONSENT JUDGMENT OF FORFEITURE** |

    On or about September 9, 2005, plaintiff United States of America ("the United States of America") filed a Complaint for Forfeiture alleging that the defendant $160,982.00 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 18

U.S.C. § 981(a)(1)(C) on the grounds that the defendant currency represents traceable proceeds of violations of 18 U.S.C. § 2342 (trafficking in contraband cigarettes).

Ahmad Almasad and Ghaleb Almasad have filed claims to the defendant currency and answered the Complaint. On or about June 21, 2010, claimant Ahmad Almasad and the United States of America filed their stipulation and lodged their separate order for the withdrawal and dismissal with prejudice of Ahmad Almasad's claim to the defendant currency. Accordingly, Ghaleb Almasad ("claimant") is the sole remaining claimant to the defendant currency. No other parties have appeared in this case and the time for filing claims and answers has expired.

On or about March 3, 2008, judgment and commitment orders were filed as to Ahmad Almasad and claimant in the related criminal case entitled <u>United States v. Ghaleb Salem Almasad, Samir Jamil Jaber, Ahmad Salem Almasad and Ali Salem Abdelhadi</u>, Case No. EDCR 05-05-VAP, whereby Ahmad Almasad and claimant were ordered to pay restitution in the amount of $1,484,785.00 to the California Board of Equalization, the sole victim identified in the judgment and commitment orders.

The United States Attorney's Office for the Central District of California (the "USAO-CDC") has requested that the Asset Forfeiture and Money Laundering Section ("AFMLS") of the United States Department of Justice exercise its discretionary authority to authorize the restoration of all assets forfeited in this case, so that those assets can be used to compensate the California Board of Equalization, the sole victim identified in the judgment and commitment orders. However, the USAO-CDC does not determine

1  whether any assets forfeited to the United States of America in
2  this case will be restored.  Instead, once assets named as
3  defendants in a civil <u>in</u> <u>rem</u> forfeiture case (such as the instant
4  case) have been forfeited to the United States of America via a
5  judgment, AFMLS in Washington, D.C. will make the final decision as
6  to whether the forfeited defendant assets will be restored and used
7  to compensate victims identified in restitution orders.
8      The United States of America and claimant have now agreed to
9  settle this action and to avoid further litigation by entering into
10 this Consent Judgment of Forfeiture.
11     The Court having been duly advised of and having considered
12 the matter, and based upon the mutual consent of the parties
13 hereto,
14     IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
15     1.   This Court has jurisdiction over the subject matter of
16 this action and the parties to this Consent Judgment of Forfeiture.
17     2.   The Complaint for Forfeiture states a claim for relief
18 pursuant to 18 U.S.C. § 981(a)(1)(C).
19     3.   Notice of this action has been given as required by law.
20 No appearances have been made in this case by any person other than
21 Ahmad Almasad and claimant.  The Court deems that all other
22 potential claimants admit the allegations of the Complaint for
23 Forfeiture to be true.
24     4.   Claimant hereby irrevocably withdraws his claim to the
25 defendant currency and consents to the entry of this Consent
26 Judgment of Forfeiture forfeiting the defendant currency to the
27 United States of America.
28 / / /

5. The defendant currency is hereby condemned and forfeited to the United States of America. The Bureau of Alcohol, Tobacco and Firearms is ordered to dispose of the defendant currency in accordance with law.

6. Provided that the AFMLS grants the USAO-CDC's restoration request and authorizes the payment of the forfeited defendant currency to the California Board of Equalization, the monies paid to the California Board of Equalization shall be applied to Ahmad Almasad and claimant's restitution obligation in the related criminal case by crediting the amount of the payment against the $1,484,785.00 amount Ahmad Almasad and claimant have been ordered to pay to the California Board of Equalization as restitution. However, even if the AFMLS denies the USAO-CDC's restoration request, Ahmad Almasad and claimant's claims shall be withdrawn and the defendant currency shall be condemned and forfeited to the United States of America, as provided in paragraphs 4 and 5 above.

7. Claimant and Ahmad Almasad, and each of them, hereby release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Bureau of Alcohol, Tobacco and Firearms and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees,
/ / /

1  costs, and interest, which may be asserted by or on behalf of
2  claimant and Ahmad Almasad, or either of them.
3       8.   The Court finds that there was reasonable cause for the
4  seizure of the defendant currency and institution of these
5  proceedings.  Each of the parties hereto shall bear their own
6  attorney fees and costs.

7       DATED:_____
                 June 23, 2010
8                                          _____
9                                          THE HONORABLE VIRGINIA A. PHILLIPS
                                           UNITED STATES DISTRICT JUDGE

## CONSENT

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: June 22, 2010

ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: June 18, 2010

/s/ David M. Dudley
DAVID M. DUDLEY
Attorney for
AHMAD ALMASAD and GHALEB ALMASAD

DATED: June 22, 2010

/s/ Ghaleb Almasad
GHALEB ALMASAD